Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
One Gateway Center, 9th Floor
Suite 950
Newark, NJ 07102
Telephone: (973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC,*
*Theravance Biopharma Ireland Limited, Theravance Biopharma US, Inc.,*
*Mylan Ireland Limited, and Mylan Specialty L.P.*

Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC,*
*Theravance Biopharma Ireland Limited, and*
*Theravance Biopharma US, Inc.*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs Mylan Ireland Limited*
*and Mylan Specialty L.P.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, THERAVANCE BIOPHARMA US, INC., THERAVANCE BIOPHARMA IRELAND LIMITED, MYLAN IRELAND LIMITED, and MYLAN SPECIALTY L.P., <br><br> Plaintiffs, <br><br> v. | C.A. No. _____ <br><br> ***Document Filed Electronically*** |

| | |
|---|---|
| ORBICULAR PHARMACEUTICAL TECHNOLOGIES PRIVATE LIMITED, | ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, Theravance Biopharma US, Inc., Mylan Ireland Limited, and Mylan Specialty L.P. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendant Orbicular Pharmaceutical Technologies Private Limited ("Orbicular") hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 11,484,531 (the "'531 patent") arising under the Patent Laws of the United States, Title 35, United States Code, Section 1 *et seq.* This action relates to Abbreviated New Drug Application ("ANDA") No. 217868, filed by Orbicular with the United States Food and Drug Administration ("FDA") for approval to market a generic version of YUPELRI® (revefenacin) inhalation solution, for oral inhalation, prior to the expiration of patents listed in FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") for YUPELRI®.

## THE PARTIES

### Plaintiffs

2.      Plaintiff Theravance Biopharma R&D IP, LLC is a Delaware limited liability company having a principal place of business at 901 Gateway Boulevard, South San Francisco, CA, 94080.

3.      Plaintiff Theravance Biopharma US, Inc. is a Delaware corporation having a principal place of business at 901 Gateway Boulevard, South San Francisco, CA, 94080.

2

4.     Plaintiff Theravance Biopharma Ireland Limited is an Irish company having a registered office at Ten Earlsfort Terrace, Dublin 2, D02 T380, Ireland.

5.     Plaintiff Mylan Ireland Limited is a company having a principal place of business at Newenham Court, Northern Cross, Malahide Road, Dublin 17, Ireland; and a registered office at Unit 35/36, Grange Parade, Baldoyle Industrial Estate, Dublin 13, Ireland.

6.     Plaintiff Mylan Specialty L.P. is a company having a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia, 26505.

7.     Plaintiff Mylan Specialty L.P. sells YUPELRI® in this judicial district and throughout the United States.

8.     Plaintiffs Mylan Specialty L.P. and Theravance Biopharma US, Inc. promote and market YUPELRI® in the United States.

9.     Theravance Biopharma R&D IP, LLC is the assignee of the '531 patent. Theravance Biopharma R&D IP, LLC is a wholly owned subsidiary of Theravance Biopharma Ireland Limited.

10.     Theravance Biopharma Ireland Limited is the exclusive licensee, and Mylan Ireland Limited is the exclusive sub-licensee, of the '531 patent.  Mylan Ireland Limited is also the holder of approved New Drug Application No. 210598 for YUPELRI® (revefenacin) inhalation solution, for oral inhalation (the "YUPELRI® NDA").

### Orbicular

11.     On information and belief, Defendant Orbicular is a company organized and existing under the laws of India, with its principal place of business at Plot No. 53, ALEAP Industrial Estate, Pragathi Nagar, Kukatpally, Hyderabad, 500090, India.

12.     On information and belief, Orbicular prepared and submitted ANDA No. 217868 (the "Orbicular ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for

sale within or importation into the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Orbicular ANDA Product"), for oral inhalation, prior to the expiration of the '531 patent.

13. On information and belief, following any FDA approval of the Orbicular ANDA, Orbicular will commercially manufacture, import, market, offer for sale, distribute, and/or sell the Orbicular ANDA Product throughout the United States, including within the State of New Jersey.

## JURISDICTION AND VENUE

14. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

15. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202.

17. This Court has personal jurisdiction over Orbicular at least because, on information and belief, Orbicular directly or indirectly develops, manufacturers, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

18. This Court has personal jurisdiction over Orbicular at least because, *inter alia*, on information and belief, (1) Orbicular filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Orbicular ANDA Product in the United States, including the State of New Jersey; and (2) Orbicular will market, distribute, offer for sale, and/or sell the Orbicular ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 217868, and Orbicular will derive substantial revenue from the use or consumption of the Orbicular ANDA Product in the State of New Jersey.

19. If Orbicular's connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Orbicular is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Orbicular in the State of New Jersey is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

20. Venue is proper in this district for Orbicular pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Orbicular is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

21. On information and belief, Orbicular has litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey and did not contest jurisdiction and venue in the District of New Jersey in prior cases arising out of the filing of an ANDA, including in the related case regarding the Orbicular ANDA, *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialties Ltd. et al.*, No. 1:23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023). *See also Aerie Pharm., Inc. et al. v. Orbicular Pharm. Techs.*, No. 3:22-cv-01364 (D.N.J. Mar. 14, 2022).

**THE PATENT-IN-SUIT**

**The '531 Patent**

22. The '531 patent titled "Methods for Treating Chronic Obstructive Pulmonary Disease," was duly and legally issued by the United States Patent and Trademark Office on November 1, 2022. A true and correct copy of the '531 patent is attached as Exhibit A.

23. Theravance Biopharma R&D IP, LLC is the assignee of the '531 patent. Theravance Biopharma Ireland Limited is the exclusive licensee of the '531 patent. Mylan Ireland Limited is the exclusive sub-licensee of the '531 patent from Theravance Biopharma Ireland Limited.

5

24. The '531 patent is listed in the Orange Book as covering YUPELRI® and its approved uses.

**YUPELRI®**

25. Plaintiffs are engaged in the business of creating, developing, and bringing to market innovative pharmaceutical products for the treatment of diseases.

26. Plaintiffs' YUPELRI® (revefenacin) is a prescription medicine indicated for the maintenance treatment of patients with chronic obstructive pulmonary disease ("COPD"), a chronic inflammatory lung disease characterized by progressive persistent airflow obstruction. Revefenacin is a long-acting muscarinic antagonist, which is often referred to as an anticholinergic. It is administered long-term as one vial of YUPELRI®, one time each day, by the orally inhaled route via a jet nebulizer.

27. FDA regulations require that approved drug products include prescribing information reciting the FDA-approved indication(s) for the drug and related instructions for healthcare providers to safely and effectively administer the drug. *See* 21 C.F.R. § 201.56(a)(1)-(3), (d)(1); 21 C.F.R. § 201.57(a)-(c).

28. Consistent with FDA regulations, the package insert for YUPELRI® includes prescribing information that recites the FDA-approved indication for YUPELRI® and provides instructions for healthcare providers and patients to safely and effectively administer YUPELRI®.

29. Attached as Exhibit B is a true and correct copy of the May 2022 YUPELRI® package insert, which is the current version of the YUPELRI® package insert.

30. YUPELRI® is indicated for the maintenance treatment of patients with COPD. (Ex. B at § 1).

31.    YUPELRI® was studied in two 12-week replicate placebo-controlled trials in patients with moderate to very severe COPD.  The population had COPD with a mean post-bronchodilator forced expiratory volume in one second ($FEV_1$) percent predicted of 55% (range: 10% to 90%).  (Ex. B at § 14.2).

**COPD**

32.    COPD is a chronic inflammatory lung disease characterized by progressive persistent airflow obstruction.  Bronchodilators, such as muscarinic receptor antagonists and β-adrenergic agonists, are used to treat COPD.  Such bronchodilators are typically delivered to a patient in need of treatment using an inhalation delivery device, such as a dry powder inhaler, a metered dose inhaler or a nebulizer.

33.    Healthcare providers use guidelines from the Global Initiative for Chronic Obstructive Lung Disease, commonly known as the GOLD guidelines, to determine treatment algorithms for COPD patients.  The GOLD guidelines are regularly updated, most recently for 2023.

34.    The GOLD guidelines grade COPD into mild, moderate, severe, and very severe classifications based on the severity of airflow obstruction.  Airflow obstruction is measured as forced expiratory volume in one second ($FEV_1$).  According to the GOLD guidelines, severe includes patients with a percent predicted $FEV_1$ of equal to or greater than 30% and less than 50%.  According to the GOLD guidelines, very severe includes patients with a percent predicted $FEV_1$ of less than 30%.

35.    The GOLD guidelines also call for healthcare providers to assess patients' ability to use an inhaler regularly.  Inspiratory flow is recognized as an important factor in successfully using inhalers.  The GOLD guidelines state that each dry powder inhaler has a unique internal

resistance and patients must create turbulent energy within the device during inhalation to disaggregate the powder into fine particles. The GOLD guidelines continue by instructing healthcare providers to check visually that the patient can inhale forcefully through the device.

36.    For many patients, any type of inhalation delivery device can be used to deliver an adequate dose of a bronchodilator. However, for COPD patients having a lower than normal inspiratory flow rate, nebulizers are sometimes recommended since these patients may be unable to generate a peak inspiratory flow rate ("PIFR") sufficient for proper use of a dry powder inhaler. *See, e.g.*, Mahler, D.A., *Peak Inspiratory Flow Rate as a Criterion for Dry Powder Inhaler Use in Chronic Obstructive Pulmonary Disease*, 14(7) Ann. Am. Thorac. Soc. 1103-07 (Jul. 2017) ("Mahler 2017"); Mahler, D.A. et al., *Comparison of dry powder versus nebulized beta-agonist in patients with COPD who have suboptimal peak inspiratory flow rate*, 27(2) J. Aerosol Med. Pulm. Drug Deliv. 103-09 (Apr. 2014) ("Mahler 2014"). Accordingly, use of a nebulizer for delivery of a bronchodilator has been suggested for COPD patients having a low PIFR.

37.    Low PIFR is also referred to as suboptimal PIFR. Low or suboptimal PIFR can be readily established, for example, using the IN-CHECK DIAL® device which can, for example, simulate the resistance of a dry powder inhaler such as the DISKUS® device.

38.    If the PIFR value is less than about 60 L/min, the patient may not achieve optimal clinical benefit from a dry powder inhaler. A PIFR of less than 30 L/min is insufficient for a dry powder inhaler.

## **ACTS GIVING RISE TO THIS ACTION**

39.    In a letter dated January 13, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Orbicular notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had submitted ANDA No. 217868 to the FDA under Section 21

U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial manufacture, use, or sale of the Orbicular ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of United States Patent Nos. 8,541,451 (the "'451 patent"), 9,765,028 (the "'028 patent"), 10,550,081 (the "'081 patent"), and 11,008,289 (the "'289 patent").

40.     Plaintiffs filed a complaint for infringement of the '451, '028, '018, and '289 patents in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

41.     In a letter dated April 12, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Orbicular Second Notice Letter"), Orbicular notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had amended the Orbicular ANDA to contain a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Orbicular Paragraph IV Certification") to obtain approval to engage in the commercial manufacture, use, or sale of the Orbicular ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '531 patent.

42.     On information and belief, Orbicular's Paragraph IV Certification states that, in its opinion and to the best of its knowledge, the '531 patent is invalid, unenforceable, and/or will not be infringed by the Orbicular ANDA Product.

43.     Orbicular filed the Orbicular Paragraph IV Certification without adequate justification for asserting that the '531 patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of the Orbicular ANDA Product.

44.     The Orbicular Second Notice Letter states that Orbicular has submitted "an amendment to Abbreviated New Drug Application No. 217868 . . . , which asserts that [the '531

patent] is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Orbicular's ANDA Product." Orbicular Second Notice Letter at 2. Orbicular also attached a "detailed statement of the factual and legal bases for the Paragraph IV Certification set forth in Orbicular's ANDA."

45. The Orbicular Second Notice Letter does not provide a substantive non-infringement defense to the '531 patent in the "detailed statement of the factual and legal bases for the Paragraph IV Certification set forth in Orbicular's ANDA."

46. On information and belief, the active ingredient of the Orbicular ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the methods of use described and claimed in one or more claims of the '531 patent.

47. On information and belief, Orbicular asserts in ANDA No. 217868 that the Orbicular ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Orbicular, demonstrate the bioequivalence of the Orbicular ANDA Product to YUPELRI®.

48. On information and belief, Orbicular is seeking approval to market the Orbicular ANDA Product for the same approved indication as YUPELRI®.

49. On information and belief, Orbicular is seeking approval to market the Orbicular ANDA Product for maintenance treatment of patients with COPD.

50. On information and belief, Orbicular had knowledge of the '531 patent when it submitted and filed its amendment to ANDA No. 217868.

51. On information and belief, Orbicular intends to and will infringe and/or actively induce infringement of one or more claims of the '531 patent upon receiving FDA approval of ANDA No. 217868 and prior to the expiration of the '531 patent.

52. On information and belief, Orbicular will commercially manufacture, use, offer for sale, and/or sell the Orbicular ANDA Product throughout the United States, import the Orbicular ANDA Product into the United States, and/or induce such acts promptly upon receiving FDA approval to do so and during the term of the '531 patent.

53. On information and belief, Orbicular knowingly has taken and intends to take active steps to, and will, induce infringement of one or more claims of the '531 patent.

54. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Orbicular with respect to infringement of the '531 patent.

55. This action is being commenced within 45 days of receipt of the Orbicular Second Notice Letter.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,484,531 BY ORBICULAR

56. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

57. Orbicular's submission of ANDA No. 217868 containing a Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Orbicular ANDA Product in/into the United States prior to the expiration of the '531 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '531 patent under 35 U.S.C. § 271(e)(2)(A).

58. Unless enjoined, upon FDA approval of Orbicular's ANDA No. 217868, Orbicular will infringe one or more claims of the '531 patent by actively inducing infringement by others under 35 U.S.C. § 271(b).

59.     On information and belief, upon FDA approval of Orbicular's ANDA No. 217868, Orbicular intends to manufacture, market, sell, and offer to sell Orbicular's ANDA Product with an FDA-approved package insert that will direct healthcare providers and patients in the use of Orbicular's ANDA Product.

60.     On information and belief, Orbicular will actively and intentionally aid, abet, encourage, participate, and induce others to perform acts that Orbicular knows will directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '531 patent by marketing Orbicular's ANDA Product with the FDA-approved package insert.

61.     The '531 patent has one independent claim, claim 1, which states:

> 1. A method for treating chronic obstructive pulmonary disease in a patient, the method comprising:
>
> (a) selecting a patient having chronic obstructive pulmonary disease for treatment based on the patient having a peak inspiratory flow rate less than about 60 L/min and a percent predicted force expiratory volume in one second less than about 50 percent; and
>
> (b) administering a pharmaceutical composition comprising about 175 µg of revefenacin, or a pharmaceutically acceptable salt thereof, in 3 mL of an aqueous solution to the selected patient once daily using a nebulizer.

62.     A healthcare provider will directly infringe one of more of the claims of the '531 patent.  Specifically, a healthcare provider administering Orbicular's ANDA Product in accordance with Orbicular's package insert will perform all of the steps of one or more claims of the '531 patent.

63.     FDA regulations require that approved drug products include prescribing information reciting the FDA-approved indication(s) for the drug and related instructions for healthcare providers to safely and effectively administer the drug.  *See* 21 C.F.R. § 201.56(a)(1)-(3), (d)(1); 21 C.F.R. § 201.57(a)-(c).

64. Consistent with FDA regulations, the package insert for YUPELRI® includes prescribing information that recites the FDA-approved indication for YUPELRI® and provides instructions for healthcare providers and patients to safely and effectively administer YUPELRI®.

65. The package insert for Orbicular's ANDA Product will be substantially similar to the package insert for YUPELRI® in all material respects.

66. Providers of revefenacin review and follow the package inserts for the revefenacin products they use to treat their patients.

67. On information and belief, Orbicular is seeking approval to market its ANDA Product for the same approved indication as YUPELRI®.

68. The YUPELRI® package insert instructs that YUPELRI® is "indicated for the maintenance treatment of patients with chronic obstructive pulmonary disease (COPD)." (Ex. B at § 1).

69. The "Dosage and Administration" section of the YUPELRI® package instructs that the "recommended dosage is 175 mcg YUPELRI (one 175 mcg unit-dose vial) administered by oral inhalation once daily by nebulizer using a mouthpiece." (Ex. B at § 2).

70. The "Dosage Form and Strengths" section of the YUPELRI® package insert states that YUPELRI® is an "Inhalation solution: 175 mcg of revefenacin in 3 mL of sterile, clear, colorless, aqueous solution in unit dose vials." (Ex. B at § 3).

71. A healthcare provider will select a patient having COPD for treatment with YUPELRI® based on the patient having a PIFR of less than about 60 L/min and a percent predicted force expiratory volume in one second less than about 50%.

72. The YUPELRI® package insert describes the treatment of moderate to very severe patients in Clinical Studies. (Ex. B at § 14.2).

13

73. According to the YUPELRI® package insert, in Section 14.2, the clinical trials enrolled patients with mean percent predicted $FEV_1$ of 55%. (*Id.*)

74. The GOLD guidelines, Table 2.6, categorize severe COPD based on $FEV_1$ of equal to or greater than 30% and less than 50%.

75. A healthcare provider, or a patient at the direction of a healthcare provider, will administer Orbicular's ANDA Product to the patient once daily using a nebulizer.

76. The YUPELRI® package insert, in Section 2, Dosing and Administration, instructs treating patients by administering YUPELRI® by nebulizer.

77. The GOLD guidelines, such as at pages 69-70, advise healthcare providers to check the patient's ability to use an inhaler.

78. It is known that successful use of dry powder inhalers such as the HandiHaler® requires a PIFR of 60 L/min.

79. A healthcare provider will select a nebulizer for patients with a PIFR of less than about 60 L/min. *See, e.g.*, Mahler 2017; Mahler 2014.

80. On information and belief, Orbicular specifically intends that its ANDA product, if marketed, would be administered to some patients with moderate to severe COPD having a PIFR of less than about 60 L/min and $FEV_1$ of less than 50%, using a nebulizer.

81. On information and belief, Orbicular knows that some healthcare providers will select patients for treatment with YUPELRI® based on the patient having a PIFR of less than about 60 L/min and $FEV_1$ of less than 50%.

82. On information and belief, Orbicular knows, and specifically intends, that some healthcare providers will select patients for treatment with its proposed ANDA product, if

marketed, based on the patient having a PIFR of less than about 60 L/min and $FEV_1$ of less than 50%.

83.    Plaintiffs will be substantially and irreparably harmed if Orbicular's infringement of the '531 patent is not enjoined.

84.    Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A judgment under 35 U.S.C. § 271(e)(2)(A) that Orbicular has infringed one or more claims of the '531 patent by the filing of its amended ANDA No. 217868;

(b)    A judgment that Orbicular's manufacturing, using, selling, offering for sale, and/or importing the Orbicular ANDA Product in/into the United States will infringe one or more claims of the '531 patent under 35 U.S.C. § 271(b);

(c)    A declaration under 28 U.S.C. §§ 2201-02 that if Orbicular, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Orbicular ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271(b);

(d)    A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 217868 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '531 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(e)    A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Orbicular, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the

United States of the Orbicular ANDA Product before the expiration of the '531 patent, inclusive of any extension(s) to patent term;

(f)     A permanent injunction restraining and enjoining Orbicular, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing the Orbicular ANDA Product or any pharmaceutical composition as claimed in the '531 patent in/into the United States, or practicing any processes or methods as claimed in the '531 patent, or from actively inducing to the infringement of any claim of the '531 patent, before the expiration of the '531 patent, respectively, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(g)     Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Orbicular engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Orbicular ANDA Product prior to the expiration date of the '531 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

(h)     To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(i)     An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(j)     Costs and expenses in this action; and

(k)     Such further and other relief as this Court may deem just and proper.

Dated: May 24, 2023                     Respectfully submitted,

                                        /s/  Arnold B. Calmann
                                        Arnold B. Calmann (abc@saiber.com)
                                        Katherine A. Escanlar (kescanlar@saiber.com)
                                        **SAIBER LLC**
                                        One Gateway Center, 9th Floor
                                        Suite 950
                                        Newark, NJ 07102

16

Telephone: (973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, Theravance Biopharma US, Inc., Mylan Ireland Limited, and Mylan Specialty L.P.*

<u>*Of Counsel*</u>
Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)

**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, and Theravance Biopharma US, Inc.*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs*
*Mylan Ireland Limited and Mylan Specialty L.P.*

17

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is the subject of the following litigation, pending in this District: *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialties Ltd. et al.*, No. 1:23-cv-00926-KMW-AMD (D.N.J.).

Dated: May 24, 2023

Respectfully submitted,

/s/ *Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
One Gateway Center, 9th Floor
Suite 950
Newark, NJ 07102
Telephone: (973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, Theravance Biopharma US, Inc., Mylan Ireland Limited, and Mylan Specialty L.P.*

*Of Counsel*
Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, and Theravance Biopharma US, Inc.*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs*
*Mylan Ireland Limited and Mylan Specialty L.P.*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that the within Complaint seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated: May 24, 2023

Respectfully submitted,

/s/  *Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
One Gateway Center, 9th Floor
Suite 950
Newark, NJ 07102
Telephone: (973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, Theravance Biopharma US, Inc., Mylan Ireland Limited, and Mylan Specialty L.P.*

*Of Counsel*
Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma Ireland Limited, and Theravance Biopharma US, Inc.*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs*

*Mylan Ireland Limited and Mylan Specialty L.P.*